
AARON D. FORD
 Attorney General
ROBERT DELONG, Bar No. 10022
 Deputy Attorney General
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1120
E-mail: rdelong@ag.nv.gov

*Attorneys for Defendants*
*Stacy Barret, Jay Barth, James Dzurenda,*
*Dwight Neven, Jason Satterly and*
*Anthony Warren*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MELNIK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　　Defendants. | Case No. 3:16-cv-00670-MMD-CBC<br><br>**MOTIONS FOR SUMMARY JUDGMENT** |

Defendants Stacy Barrett, Jay Barth, James Dzurenda, Dwight Neven, Jason Satterly and Anthony Warren, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Robert W. DeLong, Deputy Attorney General, hereby move for an order granting summary judgment in their favor and dismissing this case in its entirety. This Motion is made and based upon the following memorandum of points and authorities and all of the pleadings and papers on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

John Melnik (Melnik) is an inmate incarcerated in the Nevada Department of Corrections (NDOC). Melnik filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 5) for events that allegedly occurred while he was housed at High Desert State Prison (HDSP) from December 10, 2014 through August 4, 2016. (ECF No. 4 at 3-5.)

1

1  This Court's Screening Order (ECF No. 4) allowed Melnik to proceed with a Fourteenth
2  Amendment right to due process claim against Defendants Barrett, Barth, Dzurenda,
3  Neven, Satterly and Warren (NDOC Employees). (ECF No. 4 at 7.)

4  Plaintiff asserts that his due process rights were violated because he was not
5  permitted to have copies of two envelopes used during two separate disciplinary hearings.
6  (ECF No. 5 at 6-10.) Plaintiff claims he requested copies of the evidence used against him
7  multiple times, before, during, and after his disciplinary hearings, but never received the
8  copies. During the disciplinary hearings, Plaintiff was found guilty of two counts of MJ 31
9  violations, Unauthorized Use of Equipment or Mail, and sanctioned to two eighteen
10 month disciplinary segregation sentences. (ECF No. 5 at 7.)

11 Plaintiff's claims should be dismissed because the failure to provide him with
12 copies of envelopes utilized during prison disciplinary hearings does not violate his due
13 process rights. Although NDOC procedures at the time may have stated Plaintiff should
14 have been given the envelopes (*see* Inmate Disciplinary Manual, Ex. 3 at 10), the failure
15 to follow this procedure does not constitute a violation of Plaintiff's constitutional rights.
16 So long as constitutional due process requirements are observed, a prison's violation of its
17 own regulations and operating procedures does not offend due process. *Walker v. Sumner*,
18 14 F.3d 1415, 1419-20 (9th Cir.1994), *overruled on other grounds by Sandin v. Conner*,
19 515 U.S. 472, 483–84 (1995).

20 In addition, Defendants are entitled to qualified immunity in this instance because
21 it cannot be said that Defendants were on "clear notice" that the failure to provide
22 Plaintiff with copies of the envelopes used in the disciplinary proceedings violated the
23 procedural protections of due process. Plaintiff even received notice of the information
24 contained on at least one of the envelopes within the notices of charges. (*See* Notices of
25 Charges, Ex. 1 at 6.)
26 / / /
27 / / /
28 / / /

## II. STATEMENT OF UNDISPUTED FACTS

NDOC staff received information on November 10, 2014, from an anonymous source, indicating that Melnik was inappropriately using the postal service to introduce methamphetamines into HDSP. (Ex. 1 at 6.) On November 16, 2014, Melnik was placed on the NDOC mail monitor system to further investigate the matter. (*Id.*)

On December 10, 2014, NDOC staff at HDSP opened a letter addressed to Melnik from a "Boo Saunders." *Id.* The envelope contained a five page document labeled "Notice of Privacy Practices for Golden Home Health Nevada." (*Id.*) Page three of the document contained a pouch, which tested positive for methamphetamines. Id. Two grams of methamphetamine were recovered. (*Id.*) A Notice of Charges (NOC) for unauthorized use of equipment or mail and possession/sale of intoxicants in violation of MJ 31, was prepared and Melnik was placed in administrative segregation pending the charges. (*Id.*) On December 12, 2014, a second letter was received by the NDOC that was addressed to Plaintiff, which was determined to contain methamphetamines. (Ex. 2 at 1.)

On February 10, 2015, at 9:43 am, a disciplinary hearing was held on the pending charges outlined in the NOC. (Ex. 1 at 1.) During the hearing, Melnik stated he was set up by the Aryan Warriors because he refused to partake in illegal activity. (*Id.*) Melnik was asked if he wanted to present witnesses and he declined. (*Id.* at 3.) Based on the officer's report, the video of the drug test, the envelopes, the two grams of methamphetamine and Melnik's statement, the hearing officer found some evidence to support a finding of guilty on the MJ 31 charge. (*Id.* at 1.) Melnik was sentenced to eighteen (18) months in disciplinary segregation. (*Id.* at 2.) A second disciplinary hearing was held on February 10, 2015, at 9:49 am, to address the letter found on December 12, 2014. (Ex. 2 at 3.) Plaintiff once again alleged that he was set up by the Aryan Warriors because he refused to partake in illegal activity. (*Id.*) Plaintiff was once again sentenced to eighteen (18) months in disciplinary segregation. (*Id.* at 4.)

///
///

Plaintiff's disciplinary segregation sentence for these two offences was suspended by a classification committee after 10 months. (Melnik Case Note, Ex. 4.) Defendants do not dispute that Plaintiff has made several requests to receive copies of the envelopes utilized at the disciplinary hearings.

## III. ARGUMENT

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Summary judgment should be granted where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court shall consider all admissible affidavits and supplemental documents attached to a motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986). The moving party has the initial burden of demonstrating that summary judgment is proper, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), and factual inferences should be drawn viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In this instance, summary judgment should be entered as a matter of law because there are no material factual issues in dispute.

### a. Summary Judgment Should be Entered in Favor of Defendants Because Plaintiff Received Proper Procedural Protections During his Disciplinary Hearings

The Fourteenth Amendment provides: "No state shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. A plaintiff asserting a Fourteenth Amendment due process claim related to disciplinary action that leads to his confinement in disciplinary segregation must first establish that he has been deprived of a protected liberty interest in order to invoke the Due Process Clause's protections. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013).

4

Once the plaintiff has established that one of these interests is at stake, the court's analysis turns to whether the inmate suffered a denial of adequate procedural protections. *See Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003) (citations omitted).

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). "When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992).

Due process requires fair notice of prohibited conduct before a sanction can be imposed. *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993). Plaintiff admits in his complaint that he was read and received the two relevant notices of charges. (ECF No. 5 at 6.) When he was read the notices of charges, Plaintiff was placed on notice that he was accused of receiving methamphetamines in the mail. (*See* Notices of Charges, Ex. 1 at 1; Ex. 2 at 1.) Plaintiff was permitted to present evidence in his defense, and he was allowed to seek legal assistance. (*See* Disciplinary Hearing Reports, Ex. 1 at 7; Ex. 2 at 7.) Accordingly, Plaintiff was provided the procedural safeguards required by the due process clause.

Plaintiff was found guilty for two MJ 31 violations based upon the officer's report, the video of the drug test, the envelopes, the two grams of methamphetamine and Melnik's statement. There was clearly sufficient evidence to support the hearing officer's determination that some evidence existed to support a finding of guilty on the MJ 31 charge.

/ / /

/ / /

1 Although Plaintiff may have been entitled to receive a copy of the envelopes under the
2 operative disciplinary manual at the time (Ex. 3 at 10), a violation of this procedure does
3 not create a due process violation. So long as constitutional due process requirements are
4 observed, a prison's violation of its own regulations and operating procedures does not
5 offend due process. *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir.1994), *overruled on*
6 *other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Accordingly, Plaintiff's
7 due process claim should be dismissed.

### b. Defendants Are Protected by the Doctrine of Qualified Immunity

9 Whether governmental employees are entitled to qualified immunity is a question
10 of law. *Devereaux v. Perez*, 218 F.3d 1045, 1051 (9th Cir. 2000) (citing *Elder v. Holloway*,
11 510 U.S. 510, 516 (1994); *Thompson v. Mahre*, 110 F.3d 716, 721 (9th Cir. 1997)). Like
12 summary judgment motions, "[t]his court must assume the relevant facts in the light
13 most favorable to the plaintiff, and then determine whether the defendants are
14 nonetheless entitled to qualified immunity as a matter of law." *Devereaux*, 218 F.3d at
15 1051 (citing *Moran v. Washington*, 147 F.3d 839, 944 (9th Cir. 1998)).

> The plaintiff bears the burden of demonstrating that the underlying right was clearly established at the time of the alleged misconduct. If the plaintiff meets this burden then the officials must prove that "their conduct was reasonable under the applicable standards even though it might have violated the plaintiff's constitutional rights." *Devereaux, supra* (citing *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991) and *Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir. 1998)).

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

It is a long-standing principle that governmental officials are shielded from civil liability under the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The rule of qualified immunity "'provides ample support to all but the plainly incompetent or those who knowingly violate the law.'" "Therefore, regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." Furthermore, "[t]he entitlement is an immunity from suit rather than a mere defense to liability; ... it is effectively lost if a case is erroneously permitted to go to trial." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (emphasis in original; internal citations omitted).

When conducting the qualified immunity analysis, courts "ask (1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

The second inquiry, whether the constitutional right in question was clearly established, is an objective inquiry that turns on whether a reasonable official in the position of the defendant knew or should have known at the time of the events in question that his or her conduct was constitutionally infirm. *Anderson v. Creighton*, 483 U.S. 635, 639-40, (1987); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012). Only where a governmental official's belief as to the constitutionality of his or her conduct is "plainly incompetent" is qualified immunity unavailable. *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013) (per curiam). Governmental officials are entitled to high deference when making this determination, requiring the Court to assess whether qualified immunity is appropriate "'in light of the specific context of the case.'" *Anderson*, 483 U.S. at 640, *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009)).

///

1  Moreover, the law must be clearly established with regard to the particularized
2  facts of the case. *White v. Pauly*, 137 S.Ct. 548 (per curiam) (2017). The burden of proving
3  whether the particular right in question was clearly established rests with the non-
4  governmental party. *Greene v. Camreta,* 588 F.3d 1011, 1031 (9th Cir. 2009), *vacated in*
5  *part on other grounds*, 661 F.3d 1201 (9th Cir. 2011) (citing *Galen v. Cty. of L.A.*, 477 F.3d
6  652, 655 (9th Cir. 2007)); *see also Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th
7  Cir. 2006).

8  Undersigned counsel is not aware of any clearly established law that indicates that an inmate has an unfettered constitutional right to review copies of evidence used at a disciplinary hearing. Plaintiff was on notice that he was accused of receiving methamphetamines in the mail. (*See* Notices of Charges, Ex. 1 at 1; Ex. 2 at 1.) He even admits in the complaint that he was read and received the two relevant notices of charges. (ECF No. 5 at 6.)

14  The notices of charges also indicated that the envelopes containing methamphetamines were addressed to Plaintiff, and at least one of the notices indicated the senders' information. (Notices of Charges, Ex. 1 at 1; Ex. 2 at 1.) Plaintiff would not have obtained any additional information for the first notice of charges (Ex. 1 at 1) if he had received a copy of the envelop. The failure to provide him with copies of envelopes, particularly where he already has the information on the envelopes, is not a clearly established due process violation. Plaintiff had all of the information necessary to satisfy due process protection requirements prior to his disciplinary hearing. Accordingly, Defendants are entitled to qualified immunity.

## IV. CONCLUSION

Summary judgment should be entered in this matter in favor of Defendants and the case should be dismissed in its entirety because Plaintiff was afforded appropriate due process protections during his disciplinary hearings. The failure to provide him with copies of envelopes utilized during prison disciplinary hearings does not violate Plaintiff's due process rights.

In addition, Defendants are entitled to qualified immunity in this instance because it cannot be said that Defendants were on "clear notice" that the failure to provide Plaintiff with copies of the envelopes used in the disciplinary proceedings violated the procedural protections of due process. Accordingly, Defendants respectfully request that this Court enter an order granting summary judgment and dismissing the case.

DATED this 27th day of June, 2019.

AARON D. FORD
Attorney General

By: /s/ Robert W. DeLong
ROBERT W. DELONG
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 27th day of June, 2019, I caused to be deposited for mailing in the U.S. Mail a copy of the foregoing, **MOTION FOR SUMMARY JUDGMENT**, to the following:

John Melnik, #30576
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

_____
An employee of the
Office of the Attorney General