# EXHIBIT 3

Inmate Disciplinary Manual
Date: 08/26/09
Supercedes: 02/2008

# EXHIBIT 3

# INMATE DISCIPLINARY MANUAL

## DATE: 08/26/09
## SUPERCEDES: 02/2008

_____
Howard Skolnik, Director

_____
8/28/09
**Date**

AR 707                    Page 1 of 32

**MELNIK 670: Def. MSJ Exh. 3 - 001**

**PURPOSE**

To establish an inmate disciplinary system within the Department.

To establish policy and procedures for the inmate disciplinary process that will:

- Maintain security, control and safety.

- Define and give notice of unacceptable behavior.

- Specify the range of sanctions that may be imposed for a violation.

- Establish guidelines for the conduct of the disciplinary process.

- Maintain a record of disciplinary action and activities.

1. **DISCIPLINARY PROCESS STRUCTURE**

   A. The inmate disciplinary process is divided into four major areas:

      - Notice of Charges (NDOC-3017)

      - Preliminary Hearing Officer's Inquiry and Disposition (NDOC-3018)

      - Disciplinary Hearing (NDOC-3019)

      - Appeals

2. **INMATE DISCIPLINARY PROCESS**

   A. Notice of Charges

      1. Upon the reasonable belief of a correctional employee that a Code violation has been committed, the employee shall file a Notice of Charges using DOC Form 3017, before the completion of their shift and submit it to the shift supervisor.

         - If a non-Department employee observes a violation, a report shall be submitted to the AWO who will designate a Departmental-charging employee.

         - If a violation is a result of an investigation, the investigator may submit the Notice of Charges or the investigative report to the AWO who may designate a charging employee.

      2. The report shall be a factual and professional description of the violation.

AR 707 - Manual                    Page 2 of 32

**MELNIK 670: Def. MSJ Exh. 3 - 002**

- Opinions and assumptions shall not be included.

- Recommendations shall not be included.

3. The report shall contain specific details of the violation, including the following:

- The name and ID number of the inmate committing the alleged violation.

- The date and time of the violation.

- Evidence, if collected, and location.

- The facts surrounding the violation, in chronological order.

- Any immediate action taken.

- The names of witnesses to the violation, if any.

- The exact disposition of any evidence involved.

- The title, printed name, and signature of the reporting employee.

4. The institution will have procedures in place to insure the following:

- Review by shift supervisor.

- Assigning of charges.

- Input information into NOTIS.

- Designate a Preliminary Hearing Officer.

- Begin the process to determine if restitution is required.

5. In the event of a serious incident the shift supervisor will:

- Collect all reports of the violation.

- Refer for investigation or have a Notice of Charges initiated.

- Complete the process as stated in A4.

6. In the event of an investigation, the investigator may complete a Notice of Charges or submit a report to the institutional Warden who will insure that a

AR 707 - Manual                          Page 3 of 32

MELNIK 670: Def. MSJ Exh. 3 - 003

Notice of Charges is initiated.

- Once the Notice of Charges has been prepared the remaining steps will be followed as stated in A4.

7.  Handling Minor Violations without a Notice of Charges

- In the case of minor violations, a correctional employee may correct an inmate's behavior by a warning and/or counseling.

- An informative or counseling report may be made at the discretion of the employee.

- Such a report shall be provided to the inmate's caseworker, for inclusion in the inmate's file.

- A copy shall be provided to the inmate.

8.  The AWO will designate supervisor(s) to act as a Preliminary Hearing Officer and Disciplinary Hearing Officer.

a.  The Preliminary Hearing Officer must have the rank of Senior Correctional Officer or above.

b.  The Disciplinary Hearing Officer must have the rank of Sergeant or above.

- In conservation camps, the caseworker may act as the Disciplinary Hearing Officer.

c.  All supervisors involved in the disciplinary process should be impartial in that they:

- Did not witness or investigate the alleged violation.

- Were not a victim of the alleged violation.

- Did not participate in the writing of the Notice of Charges.

- Did not sit as a member of the classification committee, which authorized pre-disciplinary segregation for the same offense.

- Were not the Preliminary Hearing Officer for the same offense.

AR 707 - Manual                                    Page 4 of 32

MELNIK 670: Def. MSJ Exh. 3 - 004

  d. A supervisor is not necessarily partial based on such facts as:

   &bull; Having general knowledge of the case through the "grapevine"

   &bull; Being the subject of grievances and lawsuits brought by the inmate.

   &bull; Having a previous unpleasant encounter with the inmate.

   &bull; Having knowledge of the case by virtue of having heard the violations of others included in the same incident.

   &bull; Placing disciplinary charges on the Notice of Charges

  e. The lists noted in " 8c" and "8d" are not exclusive.

 9. If additional evidence is discovered subsequent to the disciplinary hearing and new charges are warranted, an additional notice of charges may be initiated.

B. Preliminary Hearing Officer's Inquiry and Disposition

 1. Review of Charges

  a. As soon as practicable after receipt, an impartial Preliminary Hearing Officer shall review the description of the incident and the violations which are charged.

  b. The Preliminary Hearing Officer may:

   &bull; Proceed with the service of the Notice of Charges,

   &bull; Refer the matter back to the shift supervisor for further clarification/investigation.

   &bull; Amend the charges, if appropriate, prior to service. Any amendment must be documented in NOTIS.

 2. Service of Notice of Charges

  a. An inmate accused of a violation shall receive a written Notice of Charges.

  b. The designated Preliminary Hearing Officer should serve such notice within 10 calendar days of the discovery of the violation, or within

AR 707 - Manual        Page 5 of 32

MELNIK 670: Def. MSJ Exh. 3 - 005

10 calendar days of the completion of investigative work concerning the incident, whichever is appropriate.

- This period may be extended for exceptional circumstances.

- The investigation should begin within 24 hours of the time the violation is reported.

c.  The inmate is not entitled to any explanation for any delay in the disciplinary process.

- However, in the interest of providing for complete documentation of each case, an explanation for any delay should be included with the Notice of Charges, at the time of service.

- The explanation may be included as an attachment to the Notice of Charges or may be written on the Preliminary Hearing Officer's summary.

d.  When the Notice of Charges are presented to the accused inmate, the Preliminary Hearing Officer shall:

- Read the charges to the inmate.

- Advise the inmate of the procedures, under the Code, which apply to him.

- If the Code violation could result in a criminal prosecution referral, the inmate shall be advised of the right to remain silent.

- Ask the inmate to submit a plea to each charge. If the inmate remains silent, such shall be considered a plea of "not guilty."

- Provide the inmate with a copy of the Notice of Charges and any applicable attachments, and obtain the inmate's signature as proof of receipt. Refusal to sign shall be noted.

- Update NOTIS with the date of service.

AR 707 - Manual                                    Page 6 of 32

MELNIK 670: Def. MSJ Exh. 3 - 006

e.    Preliminary Hearing Officer Options

1.    After the service of the charges has been completed, and after having discussed the matter with the accused inmate, the Preliminary Hearing Officer may immediately conclude their inquiry and announce a disposition, or may take an additional three (3) calendar days to consider the actions to be taken.

2.    In either case, the Preliminary Hearing Officer may:

- Summarily dismiss some or all of the charges.

- Reduce a major, work release or general violation to a lesser violation.

- Increase or add charges.

3.    The Preliminary Hearing Officer may hear and resolve minor and general violations through an informal, summary hearing. The Preliminary Hearing Officer:

- Shall conduct an informal, summary hearing on any Class E violation, regardless of the inmate's plea, and may, upon a finding of guilt, impose any Class E violation sanction.

- Upon a plea of guilty to a Class D violation, the Preliminary Hearing Officer may conduct an informal, summary hearing, and may impose any minor violation sanction. A not guilty plea will be referred to a Disciplinary Hearing Officer.

- Shall not impose a general or major violation sanction.

- May refer charges back to the charging employee for clarification.

- May refer the case to the Disciplinary Hearing Officer.

- May add additional charges.

- May remove charges.

AR 707 - Manual                                    Page 7 of 32

MELNIK 670: Def. MSJ Exh. 3 - 007

- May not impose suspended sanctions from prior disciplinary hearings.

- Should address any applicable restitution.

f. The Preliminary Hearing Officer shall conduct the proceedings as follows:

- The Preliminary Hearing Officer may conduct such independent inquiry as they find necessary and fair.

- The Preliminary Hearing Officer may permit the testimony of witnesses, including the charging employee, or may disapprove a request for witnesses, based solely upon their assessment of necessity and relevancy.

- The accused inmate shall be present at the hearing and shall be given the opportunity to explain their version of the violation, unless the inmate refuses to attend or their behavior justifies removal from the hearing.

- A finding of guilty shall be based solely on the reports, evidence, and testimony presented to the Preliminary Hearing Officer.

- When a Preliminary Hearing Officer conducts a summary hearing, a decision should be reached with the inmate present. The Preliminary Hearing Officer may, however, excuse the inmate if they feel it is necessary.

- When the inmate has pled guilty, no hearing is required. The Preliminary Hearing Officer may proceed directly with the imposition of sanctions or refer to the Disciplinary Hearing Officer for resolution.

- The Preliminary Hearing Officer shall announce the decision to the inmate and provide the inmate with a copy of the written summary.

- The Preliminary Hearing Officer shall take steps to have their disposition entered into the record of this case in NOTIS.

- The original of all forms and attachments shall be routed to the records office for recording and filing.

AR 707 - Manual                    Page 8 of 32

MELNIK 670: Def. MSJ Exh. 3 - 008

3. Hearings by the Disciplinary Hearing Officer

    a. The Disciplinary Hearing Officer shall handle all violations of the Code not handled by the Preliminary Hearing Officer.

- The Disciplinary Hearing Officer may consider the charges as written or may reduce any charge to a more appropriate lesser charge.

- This reduction may occur prior to the hearing, during the hearing, or during deliberations.

    b. If the Disciplinary Hearing Officer determines that the inmate has been charged incorrectly, the officer may modify the charges.

    c. If the officer chooses this option, then:

- The disciplinary hearing shall be continued,

- The inmate will be informed in writing of the modified charges, and,

- The disciplinary hearing will reconvene within the timeframes in d below.

- A new Disciplinary Hearing Officer will conduct the rescheduled hearing.

    d. Timeframes

        1. If the Preliminary Hearing Officer refers a case to the Disciplinary Hearing Officer for a formal hearing, the charges should be heard no sooner than 24 hours and no later than 30 days after the Notice of Charges are served.

        2. The 30 day period may be extended under exceptional circumstances.

- The accused inmate is not entitled to any explanation for any delay in the disciplinary process.

- However, in the interest of providing for complete documentation of each case, an explanation for any delay should be announced at the disciplinary hearing, and made a part of the record.

AR 707 - Manual                              Page 9 of 32

MELNIK 670: Def. MSJ Exh. 3 - 009

e.   Procedures during the Disciplinary Hearing

   1.   The inmate will be present at the hearing except when:

- They refuse to attend and/or waive their appearance before the Disciplinary Hearing Officer.

- Their behavior is disruptive.

- Confidential information is being presented.

- The reason for an inmate's absence will be documented.

   2.   In addition to the Notice of Charges, the inmate shall receive copies of any evidentiary documents, which the Disciplinary Hearing Officer considers, except in cases where non-disclosure has been approved under the "confidential information" provisions of this Code.

   3.   An inmate who has been charged with a major or work release violation can, if they wish, consult with a law library assistant prior to the hearing, providing that the classification committee has assigned the inmate to that position.

- Inmate should have at least 24 hours notice prior to the resolution of the disciplinary by the Disciplinary Hearing Officer.

- Participation by a law library assistant shall be voluntary.

- The Disciplinary Hearing Officer will not allow the inmate to be represented by a law library assistant or staff member at the hearing unless it is determined that the inmate's psychological or emotional state is so impaired as to make the inmate incapable of understanding, or supporting their own defense.

- Inmates assigned through the Classification process may translate for inmates who do not speak English at their disciplinary hearing. These inmates may not act as law library assistants.

- Private counsel is not permitted in disciplinary hearings.

AR 707 - Manual            Page 10 of 32

MELNIK 670: Def. MSJ Exh. 3 - 010

4.   If the Code violation could result in a criminal prosecution referral, the inmate shall be advised of the right to remain silent.

- This warning shall be made a part of the record of the disciplinary hearing.

- If the inmate remains silent and makes no plea, such shall be considered a plea of not guilty.

- Silence may not be used to draw an adverse inference against the inmate. Silence alone shall not be used to support a finding that an inmate committed a violation.

5.   If the inmate pleads "guilty," no further evidence, statements or witnesses shall be considered.

a.   The Disciplinary Hearing Officer may consider mitigating and/or aggravating evidence or circumstances from whatever source, including the inmate and/or Department files.

b.   Prior to entering the guilty plea the inmate shall be warned that a plea of "guilty" waives any appeal, or any subsequent challenges to the disciplinary process.

c.   During a hearing for a major or work release violation and prior to entry of plea, the inmate should be advised of the range of statutory good time credits that could be subject to forfeiture for their particular violation(s).

6.   If the inmate pleads "not guilty," they shall have the opportunity to make a statement and present evidence to the Disciplinary Hearing Officer.

7.   If the inmate pleads "not guilty," they shall be given a qualified opportunity to call witnesses on their behalf.

a.   The Disciplinary Hearing Officer may deny any witness if the Officer feels that the testimony would be irrelevant, redundant, hazardous to the security of the institution/facility, or would in any way endanger the safety of any individual, including the witness. Such denial will be documented.

AR 707 - Manual                          Page 11 of 32

MELNIK 670: Def. MSJ Exh. 3 - 011

b.  The Disciplinary Hearing Officer may also stipulate as to the proffered testimony of any proposed witness of the inmate.

c.  The Disciplinary Hearing Officer may take the testimony of any witness (employee or inmate) over the telephone if said telephone has the capability for all present at the hearing to hear the questions and answers.

d.  The testimony of the charging employee shall be permitted at all hearings for major and/or work release violations. The charging employee may also testify over the telephone.

e.  The Disciplinary Hearing Officer shall complete the section regarding identification of witnesses. This section must be completed. If the inmate does not identify any witnesses, then the form must state that.

8.  The inmate or their law library assistant, if applicable, not both, shall have the opportunity to question witnesses.

- Questions of all witnesses are to be directed through the Disciplinary Hearing Officer.

- Inmates do not have an absolute right to confront witnesses against them.

9.  Questioning of any witness, whether adverse or not, may be limited or curtailed, at the discretion of the Disciplinary Hearing Officer, if:

- The questioning is redundant.

- The questioning is irrelevant.

- The questioning is abusive.

- The questioning would produce information that may present a danger to the security of the institution, the inmate, employees or other inmates.

10.  Hearings for major and work release violations will be tape recorded, even for guilty pleas. NO EXCEPTIONS.

AR 707 - Manual                          Page 12 of 32

MELNIK 670: Def. MSJ Exh. 3 - 012

- The inmate may not waive the tape recording.

- Hearings for minor and/or general violations may be tape recorded at the discretion of the Disciplinary Hearing Officer.

- Recorded tapes of major and/or work release violations shall be retained for three years. Check with the Attorney General's Office before destroying any recorded hearing; no previous hearing should be recorded over.

- Tape recorder should be checked prior to the hearing to insure it is properly functioning.

11. Evidence

    a.    The formal rules of evidence do not apply in disciplinary hearings. Hearsay evidence may be accepted.

- The reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Officer or Preliminary Hearing Officer.

- The Hearing Officer is not required to weigh evidence.

- A finding of guilt must be based on some evidence, regardless of the amount.

    b.    Evidence is relevant if it assists the Disciplinary Hearing Officer or the Preliminary Hearing Officer in determining a fact necessary to determine guilt or innocence.

- Evidence is reliable if it is trustworthy.

- In determining the reliability of evidence, the Disciplinary Hearing Officer shall consider the integrity of the person offering the information, the quality of the person's memory, the person's perceptive abilities, and the ability of the person to communicate the information.

AR 707 - Manual                Page 13 of 32

MELNIK 670: Def. MSJ Exh. 3 - 013

- Reliable evidence need not be corroborated by any other source.

12.   Reaching a Decision

a.   The Disciplinary Hearing Officer may excuse the inmate and reach a decision in private.

b.   Guilt or innocence shall be determined solely on the evidence presented at the hearing or reviewed prior to the hearing by the Disciplinary Hearing Officer.

- If any evidence is reviewed prior to the hearing, a description of the evidence will be noted for the record in the presence of the inmate.

- Specific content may not be disclosed if it is confidential or poses a threat to safety or security.

c.   If the Disciplinary Hearing Officer finds the inmate guilty, or the inmate pleads guilty, the Disciplinary Hearing Officer may give the inmate or law library assistant if applicable, not both, an opportunity to make a statement:
- in mitigation.
  - Such a statement is strictly within the discretion of the Disciplinary Hearing Officer.

- arguing against restitution.
  - The inmate should be allowed to review related expenses.
  - The inmate should not be provided with any information other than individual costs where the restitution issue involves medical charges for the inmate's victim.

d.   At the conclusion of the hearing, the inmate shall receive a written statement of the findings, including the evidence relied upon and the sanctions imposed.

- The original documentation will be maintained in the inmate's I-File.

AR 707 - Manual                          Page 14 of 32

MELNIK 670: Def. MSJ Exh. 3 - 014

13.    Plea/Sanction Bargaining

    a.    Plea Bargaining

- A violation may be plea-bargained at the Disciplinary Hearing Officer level.

- A major offense may be plea-bargained to a related general or minor violation.

- If an inmate enters into a plea agreement, they expressly waive their right to a hearing and appeal.

- Any plea bargaining negotiations shall be documented, using NDOC Form 3010, made part of the record, and signed by the Disciplinary Hearing Officer and the inmate.

    b.    Sanction Bargaining

        1.    An inmate may plead guilty to a charged violation under a condition to receive a special sanction from the Disciplinary Hearing Officer. The inmate must sign the Plea Bargain form.

        2.    An inmate who makes such an agreement expressly waives the right to a hearing or appeal.

        3.    Any negotiations regarding sanction bargaining shall be documented using DOC Form 3010, made part of the record, and signed by the Disciplinary Hearing Officer and the inmate.

        4.    Restitution is not a sanction and cannot be negotiated.

    c.    All plea-bargaining and sanction bargaining shall be tape recorded.

    d.    Charges of G20, G27, and MJ10 may not be plea-bargained or sanction bargained.

AR 707 - Manual                Page 15 of 32

MELNIK 670: Def. MSJ Exh. 3 - 015

sanctions.

14.   Disciplinary Appeals

    a.   Following a finding of guilt an inmate shall be advised that they may submit <u>one</u> appeal to the Warden using the inmate grievance processes outlined in AR 740 within 10 calendar days.

    b.   The appeal of a disciplinary conviction shall be submitted in writing and shall concisely state the factual basis upon which the finding is appealed.

    c.   Limitations on Appeals

- A plea of guilty may not be appealed.

- A negotiated plea or sanction may not be appealed.

- A sanction which has not otherwise been suspended shall not be suspended for the purpose of awaiting the results of an appeal.

    d.   Warden's Response

        1.   When reviewing an appeal, the Warden may enlist the assistance of an impartial staff member. The review may include fact-finding related to the violation and/or inquiry related to the disciplinary process.

        2.   In deciding an appeal the Warden or designee shall consider three factors:

- Whether there was substantial compliance with requirements of the Code.

- Whether the Disciplinary Hearing Officer's decision was based on some evidence, and

- Whether, under the circumstances, the sanction was imposed in accordance with the Chart of Disciplinary Sanctions – Attachment A.

AR 707                                        Page 16 of 32

MELNIK 670: Def. MSJ Exh. 3 - 016

the Chart of Disciplinary Sanctions – Attachment A.

3.    After reaching a decision concerning the appeal, the Warden may affirm or reverse the decision, return the decision to the Disciplinary Hearing Officer for further proceedings, or modify, but not increase, the sanction imposed.

4.    The Warden's response to the appeal shall conform to the following outline:

- Charges and findings.

- Inmate's basis for appeal.

- Warden's findings and decision.

- Instructions, if any, to disciplinary staff.

## 4.   DISCIPLINARY SANCTIONS GUIDELINES

A.    The Chart of Disciplinary Sanctions – attachment A, will guide the imposition of sanctions.

B.    Disciplinary Hearing Officers involved in the inmate disciplinary process must recognize that the Chart of Disciplinary Sanction cannot accurately, fairly or consistently address every situation.

1.    Disciplinary Hearing Officers must conduct an individual analysis of each incident for each inmate.

2.    In determining the sanction, the following should be taken into account:

- Maintaining a safe and secure environment.

- The need to modify an inmate's behavior.

- Setting expectations for other inmates.

3.    If the chart is not followed, written documentation must be submitted to the Warden justifying the departure from the Chart of Disciplinary Sanctions for review and approval.

MELNIK 670: Def. MSJ Exh. 3 - 017

C.     There is no requirement that charges of similar nature must result in identical penalties.

- Other factors in mitigation and/or aggravation should be considered.

D.     Disciplinary sanctions imposed may not include:

- Medication;

- Bible, Koran or similar religious items;

- Basic cell furnishings;

- Basic personal hygiene items (soap, toilet paper, toothpaste, toothbrush);

- Food (except as authorized by Administrative Regulation 732 – Alternative Diet);

- Bedding and state issue clothing;

- Access to the courts (legal telephone calls, resource check-out from law library); or

- Any item that has been determined to be a constitutional entitlement.

E.     Loss of privileges may include, but is not limited to:

- Canteen/coffee shop

- Electrical appliances

- Personal phone calls

- Use of gymnasium

- Hobby Craft

F.     An inmate serving disciplinary segregation sanctions may not be subjected to the loss of minimal outdoor exercise periods as a result of any disciplinary incurred while serving disciplinary segregation unless the misconduct relates specifically to an incident on or en-route to or from the exercise yard.

G.     An inmate may not be subjected to the loss of visiting privileges unless the misconduct relates specifically to an incident involving visitors MJ44/53/54 conviction (see paragraph 9, or MJ10 Security Threat Group Activities).

MELNIK 670: Def. MSJ Exh. 3 - 018

H.   Sanctions may be imposed either singly or in combination with other sanctions as noted in the Chart of Disciplinary Sanctions unless otherwise noted in this manual.

I.   Determining the Sanction

    1.   Preliminary Hearing Officers and Disciplinary Hearing Officers shall impose a sanction or sanctions that are appropriate and are the minimum required to deter further offenses by the inmate.

        • In setting the sanction, factors in mitigation and aggravation shall be considered.

    2.   Other factors may be considered at the discretion of the Preliminary Hearing Officer and/or the Disciplinary Hearing Officer.

    3.   The following are examples of factors in mitigation and aggravation:

        a.   Mitigation

           • The inmate has a minor disciplinary record or no prior disciplinary record.

           • The inmate has not been involved in prior acts of the same or similar nature.

           • The misconduct was situational and spontaneous as opposed to planned.

        b.   Aggravation

           • The inmate's disciplinary record reflects prior acts of similar misconduct.

           • The inmate's disciplinary record reflects that the type of misconduct is becoming increasingly serious.

           • The misconduct was planned as opposed to situational or spontaneous.

           • Serious injury to staff or inmates occurred as a result of the misconduct.

           • The inmate has not responded to suspended disciplinary sanctions.

           • History of chronic disciplinary violations.

MELNIK 670: Def. MSJ Exh. 3 - 019

4. If more than one violation arises from a single incident, disciplinary detention may be imposed only once, and not consecutively on each charge.

   a. An inmate shall not be confined to disciplinary detention for more than 15 days in one 30-day period.

   b. If a major or general violation is committed and the Disciplinary Hearing Officer suspects that the inmate's mental condition was a substantial cause of the misconduct, then the Hearing Officer may request a psychological evaluation and subsequently conduct or suspend disciplinary actions as appropriate.

5. Refer to 707.12 for disposition of MJ44 and MJ54.

6. Disciplinary sanctions that have been suspended may be imposed upon a finding of guilty on another disciplinary charge within the probationary period.

   • The entire sanction suspended must be imposed.

## 5. DISCIPLINARY SEGREGATION/AUSTERE HOUSING GUIDELINES

A. Refer to AR 733 for details of disciplinary segregation procedures.
B. Refer to AR 518 for details of austere housing procedures.

C. At the conclusion of each three (3)-month period, if the inmate has not been convicted of a general or major violation during that time, and if the inmate is serving a term greater than three (3) months, one month of credit for good behavior will be granted.

   1. Such credit shall be applied toward completion of the term.

   2. Once earned, these sanction reductions become vested and shall not be revoked.

   3. This grant of credit for good behavior does apply to austere housing sanctions.

D. Whenever there is a shortage of beds in disciplinary segregation, the Warden may grant early releases to those inmates who are closest to being eligible for release and/or least security risk until sufficient bed space is created for inmates with new segregation/austere housing terms.

   1. If granted, the remainder of the segregation/austere housing remains in suspension until the original end dates of the segregation/austere housing.

AR 707 - Manual            Page 20 of 32

**MELNIK 670: Def. MSJ Exh. 3 - 020**

2. If the inmate violates the early release by subsequent misconduct, the total unserved portion of the segregation time may be reinstated.

## 6. STATUTORY GOOD TIME GUIDELINES

A. The forfeiture of credits earned for good behavior, as provided for in NRS 209.451, is a sanction, which may be imposed for major and work-release violations.

B. This sanction may be imposed singly, or in combination with other sanctions.

C. Credits subject to forfeiture are those that were earned on the sentence the inmate is currently serving, up to the date of the violation.

D. Credits earned on prior sentences are not subject to forfeiture.

E. In instances where the Disciplinary Hearing Officer recommends a forfeiture of sentence credits, the category will be determined by referring to the Chart of Disciplinary Sanctions.

F. Referrals for good time forfeiture are made to the Offender Management Division for processing (see AR 564).

G. Categories shall not be subject to sanction negotiations.

H. The categories reflect the violation severity level, based on the following:

| CATEGORY | AMOUNT OF LOSS (DAYS) |
|----------|----------------------|
| A | 120 credits or more |
| B | 60 to 119 credits |
| C | 1 to 59 credits |

I. The forfeiture of good behavior credits is subject to final approval by the Director or designee.

J. Following a finding of guilty, the inmate should be permitted to make a separate statement concerning the forfeiture of sentence credits.

K. An inmate may appeal a forfeiture sanction through the inmate grievance process.

L. A sanction for forfeiture on statutory credits may not be suspended.

MELNIK 670: Def. MSJ Exh. 3 - 021

M. All major and/or work release violation convictions which resulted from Residential Confinement or transitional housing failure must be referred as a Category A Stat Loss.

## 7. REFERRALS FOR CRIMINAL PROSECUTION

A. The administrative disciplinary process, as described by AR 707 and this manual, and the system to prosecute a person in state or federal court, are not related or interdependent.

B. An inmate may be held accountable for a violation of AR 707, through the disciplinary process, and may also receive a criminal prosecution for the same offense at a later date.

C. Inmate disciplinary actions shall not be postponed pending the outcome of a criminal prosecution unless the Director or designee determines it is in the best interests of the Department to do so.

D. A referral for criminal prosecution is not a sanction under AR 707.

 • Preliminary Hearing Officers and the Disciplinary Hearing Officer shall make no promises and shall not agree to negotiate any plea or sanction on the basis of a referral for criminal prosecution or absence thereof.

E. Conviction for a violation of AR 707 is not a prerequisite for a criminal prosecution referral.

F. Although a referral for criminal prosecution is not a sanction under AR 707, a referral may arise from the disciplinary process, at any time during the process, based on information that a crime may have been committed.

G. Refer to AR 708 for processing of criminal referrals.

H. The institution where the violation occurred is responsible to submit the criminal referral regardless of where the disciplinary hearing is held.

 • Copies of all documentation will be sent to the originating institution.

## 8. REFERRALS FOR PAROLE/PROBATION REVOCATION

A. Parole Revocation

 1. An inmate pending release to the community on parole, or one who is serving a parole from a previous sentence may be subject to revocation proceedings or a review of a previous board order based on a disciplinary conviction of a major or a work release violation.

MELNIK 670: Def. MSJ Exh. 3 - 022

- A parole violation is not considered to have occurred until an inmate has been found guilty of a major or work-release violation.

2.  A referral for parole violation is not a sanction under AR 707.

3.  Upon the finding of guilt on a major or work release violation, the matter will be reviewed for parole revocation procedures.

    - The Warden will determine if such an action is appropriate.

    - If approved, a written report will be submitted by the Warden to the Offender Management Division Administrator (OMDA).

4.  The OMDA will approve or disapprove the referral in writing.

    - If approved, the Associate Warden of Programs will coordinate with the Executive Secretary of the Parole Board for a Review of Previous Order (RPO) or a parole revocation hearing.

5.  The Department is authorized to place a stay on parole release plans for inmates who are accused of a major or work release violation.

6.  Refer to AR 537 for processing of parole revocations.

B.  Probation Revocation

1.  An inmate on probation while serving a sentence may be subject to revocation proceedings based on a disciplinary conviction for a major or a work release violation.

    - A probation revocation is not considered to have occurred until an inmate has been found guilty of a major or work release violation

2.  A referral for probation revocation is not a sanction under AR 707.

3.  Upon a finding of guilty on a major or work release violation, the matter will be reviewed for probation revocation procedures

    a.  The Warden will determine if such action is appropriate.

        - If approved, a written report will be submitted by the Warden to the Offender Management Division Administrator (OMDA).

    b.  The OMDA will approve or disapprove the referral in writing.

AR 707 - Manual                                    Page 23 of 32

MELNIK 670: Def. MSJ Exh. 3 - 023

c.      If approved, the Associate Warden of Programs will coordinate with the Central Administration Division, The Department of Parole and Probation, and Pre-Release Supervisor to initiate Probation Revocation Proceedings.

## 9.   USE OF CONFIDENTIAL INFORMATION

A.      An inmate may be found guilty of an offense on the basis of information from a source whose identity is not disclosed to the inmate at the hearing.

B.      Such information may be presented verbally or in writing, subject to the conditions set forth in this section.

C.      Two-Prong Test for Determining Reliability and Necessity

1.      The record shall contain some factual information from which the Disciplinary Hearing Officer can reasonably conclude that the confidential information is reliable.

2.      The reliability of the informant's information can be established by any of the following:

- The oath of the investigating officer appearing before the Disciplinary Hearing Officer as to the truth of the report that contains confidential information, or

- Corroborating testimony, or

- A statement on the record by the Disciplinary Hearing Officer that the Hearing Officer had firsthand knowledge of the sources of information and considered them reliable based on the informant's past record, or

- An in-camera review of the documentation from which credibility was assessed.

3.      The record of the disciplinary hearing shall contain a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name to the accused.

D.      Disclosure of Source's Identity to Hearing Officer

1.      In order to conduct the test identified in item 2 above, the identity of the confidential source shall be made known to the Disciplinary Hearing Officer, out of the presence of the accused inmate.

AR 707 - Manual                          Page 24 of 32

MELNIK 670: Def. MSJ Exh. 3 - 024

2.    The Warden may, however, withhold the identity from the Disciplinary Hearing Officer.

3.    If the Disciplinary Hearing Officer is not to be informed of the identity of the source, the record of the disciplinary hearing shall contain an affirmative statement from the Warden or AWO that the test was satisfied.

- The statement shall minimally reflect that the Warden or AWO considered the source of the information, judged the source to be reliable, and allowed that the Disciplinary Hearing Officer may use the information.

- The statement shall also reflect that safety considerations prevent the disclosure of the informant's identity to the Disciplinary Hearing Officer.

E.    Disclosure of Details of Testimony to Accused

1.    After hearing the testimony of, or reading the statements of a confidential informant, the Disciplinary Hearing Officer shall, to the extent possible, disclose the details to the accused inmate.

2.    The details of the informant's testimony may be withheld from the accused inmate if disclosure would place the informant at risk by indirectly revealing their identity.

F.    Record Keeping Requirements

1.    In each instance where the Disciplinary Hearing Officer relies upon confidential information to reach a finding of guilt, a separate confidential file shall be created and maintained at the institution.

a.    Each such file shall be sequentially numbered and shall contain a record of the informant's statement, the identity of the informant, and a copy of the disciplinary documents.

b.    If the Disciplinary Hearing Officer was not permitted to know the identity of the informant, the file shall also contain the statement of the official who approved non-disclosure.

- This statement shall establish the reliability of the informant, and the necessity of anonymity.

MELNIK 670: Def. MSJ Exh. 3 - 025

2.      The Warden shall review the complete record of all decisions in which the identity of an anonymous source was withheld from the Disciplinary Hearing Officer, provided they were not involved in the decision to withhold the identity.

         a.      If the Warden was involved in the original decision, then the ADO or designee shall conduct the review.

         b.      Such reviews shall be completed within 15 days of the completion of the hearing, or the resolution of the appeal, whichever is later.

3.      The confidential file remains at the institution or facility where it was created and used, regardless of whether the subject inmate later transfers.

## 10.   SPECIAL PROCEDURES FOR MJ44 AND MJ54 CONVICTIONS/SANCTIONS

A.      Inmates who are suspected of having ingested a controlled substance or alcohol will complete the disciplinary process.

B.      Inmates who are found to have a positive urinalysis may remain in general population pending the outcome of the disciplinary hearing, unless they need to be placed in more secure housing as they pose an immediate threat to the safety or security of the institution.

- This does not preclude; however, moving an inmate to a more restrictive level in general population.

C.      A reasonable sanction for a positive urinalysis (MJ54) or refusal to test (MJ44) is restricted visiting; statutory referral; and austere housing.

1.      Inmates may be directed to a substance abuse treatment program, such as WINGS or OASIS.

2.      The austere housing sanction may be implemented pending placement into the program; however, sanctions are to be suspended once the inmate is approved for and placed in the program.

D.      Inmates found to have drugs or alcohol in their systems, as proved by a positive urinalysis, will be removed from their jobs, whether they be in Prison Industries, a Vocational Training program, Nevada Division of Forestry or a departmental job such as culinary, porter, grounds, etc.

E.      There will be **NO** visits for one calendar year from the date of the incident.

- All subsequent visits for the second calendar year will be non-contact.

AR 707 - Manual                               Page 26 of 32

MELNIK 670: Def. MSJ Exh. 3 - 026

F.    Upon successful completion of treatment, the inmate:

    1.    May apply for restoration of statutory good time credits;

    2.    May request contact visit restoration following completion of the one (1) year no visiting period through the grievance process;

    3.    Will receive the 180 merit credits that are awarded for completion of the program;.

        Note:  Partial credit for completion of a portion of the treatment program if removal was due to "no fault" of inmate.  Only those phases successfully completed will be eligible for partial credit.

    4.    Can again obtain a work assignment including Prison Industries if first time conviction.

G.    Inmates quitting or being dropped from therapeutic community treatment prior to successful completion of the entire program may face the following consequences, all or in part,

- No restoration of statutory good time credits;

- No award of merit credits;

- Assignment to Austere Housing/Disciplinary Segregation to serve the full sanction, if any is pending;

- Return to their original institution, if they were transferred to from another institution; and

- A reduction in the Level System.

- Notice of Charges for MJ52 to be initiated.

## 11.    MISELLANEOUS DISCIPLINARY PROCEDURE

A.    Disciplinary Documentation

    1.    All disciplinary activities shall be documented in the Nevada Offender Tracking Information System (NOTIS) as those activities occur.

    2.    The NOTIS is designed to provide status reports of needed disciplinary actions.

MELNIK 670: Def. MSJ Exh. 3 - 027

3. The disciplinary process is not complete until the final entry of dispositions has been entered.

4. All references to the violation shall be maintained in the inmate's institutional file even if found not guilty or the charges were dismissed.

B. Expungement

1. The file shall clearly indicate that the inmate was not guilty of the alleged violation.

2. The NOTIS will reflect this finding.

C. Correction of Minor Technical Violations

1. A disciplinary case need not be dismissed due to minor technical errors or violations.

   - For example, if an employee involved in the incident also acted as the Disciplinary Hearing Officer, the case need not be dismissed.

2. The case shall be reheard by another Disciplinary Hearing Officer and the disciplinary hearing rescheduled.

3. In a case where restitution pursuant to NRS 209.246 was not addressed at the Disciplinary Hearing, and it later becomes clear that restitution is owed, a hearing for the sole purpose of restitution may be scheduled provided the inmate receives proper notice at least 24 hours in advance.

4. A typographical error, spelling error or other clerical error can be repaired by correcting the problem.

   - If the error did not, in the judgment of the Disciplinary Hearing Officer, impair the inmate's ability to prepare a defense, the error may be corrected at the hearing, and the hearing may continue.

   - If, however, the error impaired the inmate's ability to prepare a defense, the hearing may be rescheduled.

D. Placement of the Notice of Charges in I-File as "Informative Only"

1. This is done when the Disciplinary Hearing Officer finds that the charges do not constitute a violation of AR 707, but shall be maintained as relevant file information.

AR 707 - Manual                                    Page 28 of 32

2.    This is done by checking the box labeled "other" on the "Summary of Disciplinary Hearing" form.

3.    This provision may not be used in plea or sanction bargaining.

E.   Warden's Review

1.    The Warden, or an impartial official whom is designated, shall review the action of the Preliminary Hearing Officer and Disciplinary Hearing Officer, regardless of whether an appeal is taken, and may reverse the decision, remand the decision, or modify the sanction imposed, whenever such action is warranted in the record.

2.    Under such a review, a sanction imposed by the Disciplinary Hearing Officer may not be increased.

3.    Upon request of mental health staff, modification or suspension of sanctions imposed may be reviewed and changed by the Warden.

F.   Disposition of Forfeited Property or Contraband

1.    A forfeited item will be held as evidence as long as necessary, then, as the Warden or Facility Manager directs, be disposed of or destroyed.

- Currency, coin, checks, money orders or other negotiable instruments shall be deposited in the Inmate Welfare Fund, and used for a purpose, authorized by the appropriate administrative regulation.

- Items of property may be disposed of in an environmentally appropriate manner, or donated to charity, except that an item may not be given as a gift to an employee or the general public.

G.   Staff Training

1.    Supervisors who act as Preliminary Hearing Officers or Disciplinary Hearing Officers should receive training prior to their participation in the inmate disciplinary process.

- EEO/Employment Development Division will conduct this training.

2.    New employees will receive training and receive a copy on this procedure during their Pre-Service Training.

3.    Current Employees will receive a copy of AR 707 and the Manual when revised.

MELNIK 670: Def. MSJ Exh. 3 - 029

12. **MAINTENANCE OF DISCIPLINARY ACTIVITY RECORDS**

A. NOTIS is not a substitute for any of the paper forms that are used to carry out the disciplinary process (Notice of Charges, Summary of Preliminary Hearing Officer, and Summary of Disciplinary Hearing).

    1. NOTIS is a method to record, summarize and analyze these activities.

    2. Institutions and facilities shall not maintain or develop disciplinary management or documentation systems, manual or automated, other than those provided through the NOTIS

B. Initiation of Disciplinary Record

    1. A record of the disciplinary shall be started by making an appropriate entry in NOTIS upon the writing of a Notice of Charges, and prior to delivery of the charges to the Preliminary Hearing Officer.

    2. The date of the record is the date the Notice of Charges is written.

    3. The entry of the record causes the creation of a 10-day suspense date for the Preliminary Hearing Officer.

C. Hearing Officer Function

    1. After the Notice of Charges has been served, the disciplinary record shall be updated with the date of service.

    2. If the Preliminary Hearing Officer resolved the charges, and did not refer the case to the Disciplinary Hearing Officer, the disposition shall also be entered into NOTIS at this time.

    3. If the Preliminary Hearing Officer refers the case to the Disciplinary Hearing Officer, the date of service creates a 30-day suspense date for the scheduling of the disciplinary hearing.

D. Disciplinary Hearing Date and Disposition Date

    1. At the conclusion of the disciplinary hearing, the date and disposition of the hearing shall be entered into the disciplinary record.

    2. This will complete the record of that particular case.

    3. If after the Warden's/designee's review and if changes are made, the changes will be noted in the NOTIS.

MELNIK 670: Def. MSJ Exh. 3 - 030

4. If an appeal is filed and modification is made, the Warden/designee will enter the changes in the NOTIS.

5. If necessary, a special case note will be made on the NOTIS Chrono Screen detailing the modification(s).

E. Responsibility

1. The Disciplinary Hearing Officer is responsible for insuring that the requirement of the NOTIS entry is properly carried out.

2. In the event that an inmate transfer interrupts a disciplinary case in progress, the last completed phase of the process shall be entered into the record of that case that has been established in NOTIS.

- This will insure that the staff of the receiving institution are aware of the status of a particular case, and do not initiate a duplicate record.

3. The receiving institution will check the disciplinary status of all inmates and complete the disciplinary process, if necessary.

F. Restitution

1. DOC Form 3043 will be completed on all disciplinary sanctions requiring $5.00 or greater restitution.

- The completed form should be submitted to Inmate Services within 30 days of the findings.

2. Whether or not the amount of restitution is known at the time, total restitution may be on-going due to changing medical treatment or other costs related to the incident.

- On all medical charges, restitution amount noted will state "TO BE DETERMINED" (TBD).

3. Once an amount of restitution can be determined, a hearing may be scheduled to addresses the assessment.

4. Due process on a restitution issue may be achieved by giving the inmate notice and the details of a deduction, with an opportunity to be heard through the grievance process.

- The minimum time to file a grievance should pass before the restitution is assessed.

MELNIK 670: Def. MSJ Exh. 3 - 031

**ATTACHMENTS**

Chart of Disciplinary Sanctions
NDOC Form 3010
NDOC Form 3016
NDOC Form 3017
NDOC Form 3018
NDOC Form 3019 Page 1
NDOC Form 3019 Page 2
NDOC Form 3043

MELNIK 670: Def. MSJ Exh. 3 - 032

NEVADA DEPARTMENT OF CORRECTIONS

PLEA/SANCTION BARGAINING

Name _____   Number _____   Date _____

1.  Original Charge: _____
    _____
    _____

2.  Negotiated Charge: _____
    _____
    _____

3.  PLEA:   Guilty.  Sanction bargaining negotiations: _____
    _____
    _____
    _____
    _____
    _____

4.  Negotiated Punishment: _____
    _____
    _____
    _____

5.  I hereby plead guilty to the above offense.  I expressly waive my right to a hearing in the above action and
    any appeals from the hearing of this negotiation.


_____          _____     _____
       INMATE SIGNATURE                    DOC NUMBER            DATE


_____
DISCIPLINARY COMMITTEE CHAIRMAN SIGNATURE

This action to be attached and disposition to be shown on Summary of Disciplinary Hearing sheet.

Original – Disciplinary Committee
Copy – Inmate at time of Notice of Charges
Copy – Reporting Employee

DOC #XXX (12/XX)

MELNIK 670: Def. MSJ Exh. 3 - 033