UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MELNIK, | Case No. 3:16-cv-00670-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

## I.  SUMMARY

*Pro se* Plaintiff John Melnik, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges a single claim for violation of his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983 against correctional facility employees and officials generally arising from his repeated requests for copies of the envelopes containing methamphetamine ("meth") addressed to him forming the basis of a disciplinary conviction—which they denied. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 66), recommending that the Court deny both Defendants' motion for summary judgment (ECF No. 55), and Plaintiff's cross-motion for summary judgment (ECF No. 61). Defendants filed an objection to Judge Baldwin's Recommendation ("Objection").[1] (ECF No. 67.) As further explained below, while the Court agrees with some of Judge Baldwin's analysis, the Court will reject her R&R, grant summary judgment to Plaintiff as to Defendants' liability, and allow this case to proceed to trial on damages, because the Court finds Defendants violated Plaintiff's Fourteenth

---

[1]The Court also reviewed Plaintiff's response to Defendants' Objection. (ECF No. 68.)

Amendment procedural due process rights when they refused to give him the copies of the envelopes he requested during his disciplinary proceedings.

## II. BACKGROUND

In a prior screening order, the Court allowed Plaintiff's single claim for violation of his Fourteenth Amendment procedural due process rights to proceed against Defendants Warren, Barth, Satterly, Barrett, Neven, and Dzurenda. (ECF No. 4 at 7.) Generally speaking, Defendants were either involved in intercepting mail addressed to Plaintiff or participated in his disciplinary proceedings.

### A. Undisputed Facts

NDOC staff received an anonymous tip in November 2014 that Plaintiff was involved in introducing meth into the High Desert State Prison ("HDSP"), where he was housed at the time. (ECF No. 55 at 3.) Thus, NDOC began monitoring his mail on November 16, 2014. (*Id.*) NDOC staff at HDSP subsequently intercepted two letters addressed to Plaintiff on December 10 and 12, 2014 (before he received them), and found meth in both of them—in a small pouch taped into the letters. (*Id.*) NDOC officials placed Plaintiff in administrative segregation pending investigation of the letters, and later charged him with violations of prison policies in two written Notice of Charges ("NOC")—specifically for unauthorized use of the mail and possession/sale of intoxicants in violation of MJ 31. (*Id.*)

NDOC officials held two consecutive disciplinary hearings on these charges on the morning of February 10, 2015. (*Id.*) During both hearings, Plaintiff testified that the meth was not his—he was set up by members of the Aryan Warriors prison gang because he refused to participate in illegal activity. (*Id.*) Plaintiff, though given the opportunity, declined to call witnesses at either hearing. (*Id.*) However, Plaintiff made several requests to receive copies of the envelopes used against him at the disciplinary hearings, all of which were

denied. (*Id.* at 4.) Defendants also concede that "Plaintiff may have been entitled to receive a copy of the envelopes under the operative disciplinary manual at the time[.]"[2] (*Id.* at 6.)

The NDOC officer who presided over the disciplinary hearing found Plaintiff guilty of possessing and/or selling intoxicants and sentenced him to two 18 month terms in disciplinary segregation. (*Id.* at 3.) However, those sentences were later suspended after ten months. (*Id.* at 4.) Plaintiff alleges he also lost parole opportunities because of this disciplinary conviction. (ECF No. 5 at 5.) The NDOC officer who presided over the hearing considered the following pieces of evidence in finding Plaintiff guilty: the two envelopes (a copy of which again was not provided to Plaintiff despite his requests); the reports of the officers who found the meth in the envelopes; video of the drug test verifying the envelopes contained meth; and Plaintiff's statements at the hearing. (ECF No. 55 at 3.) Again, Plaintiff's sole claim is that Defendants' refusal to turn over copies of the envelopes in contravention of the NDOC's applicable policy violates his Fourteenth Amendment procedural due process rights. (ECF No. 5.)

### B. Judge Baldwin's R&R

Defendants move for summary judgment on Plaintiff's claim, arguing both that Plaintiff received constitutionally sufficient due process during these disciplinary hearings and alternatively that Defendants are entitled to qualified immunity. (ECF No. 55.) Plaintiff cross-moves for summary judgment against all Defendants that his Fourteenth Amendment procedural due process rights were violated when Defendants refused to give him copies of the envelopes. (ECF No. 61.) Judge Baldwin recommends the Court deny

---

[2]Defendants provide a copy of the operative disciplinary manual as an exhibit to their motion (*see* ECF No. 55 at 6), which provides in pertinent part:

> In addition to the Notice of Charges, the inmate shall receive copies of any evidentiary documents, which the Disciplinary Hearing Officer considers, except in cases where non-disclosure has been approved under the "confidential information" provisions of this Code.

(ECF No. 55-3 at 11 (Section (2)(B)(3)(e)(2)).)

3

both motions. (ECF No. 66.) Much of her analysis in the R&R focuses on Defendants' motion. (*Id.*)

In recommending the Court deny Defendants' motion, Judge Baldwin concludes that, "viewing the evidence in the light most favorable to [Plaintiff], a reasonable jury could determine that the Defendants' refusal to produce copies of the envelopes violated [Plaintiff]'s due process rights accorded under *Wolff*[3] to 'present documentary evidence' and 'marshal the facts in his defense.'" (ECF No. 66 at 10.) As to Defendants' qualified immunity argument, Judge Baldwin recommends that "[b]ecause the Court finds that genuine issues of material fact exist as to whether Melnik's constitutional rights were violated, the court declines to address the 'clearly established' prong at this time." (*Id.* at 12.) Thus, while Judge Baldwin determined that Defendants' failure to produce copies of the envelopes to Plaintiff may violate his procedural due process rights, she determined it was a fact question for the jury to decide, and deferred ruling on qualified immunity.

### C. Defendants' Objection

Defendants argue in their Objection that Judge Baldwin made two errors in her R&R. (ECF No. 67 at 4.) They first argue that whether Defendants violated Plaintiff's procedural due process rights is a question of law, not—as she determined—a question of fact. (*Id.*) From there, Defendants argue the Court should grant their summary judgment motion because they provided Plaintiff with the process he was due. (*Id.*) Second, Defendants argue Judge Baldwin should have conducted a more complete qualified immunity analysis "as it is a separate question of law that is to be answered irrespective of a possible constitutional violation." (*Id.*) Relatedly, Defendants argue qualified immunity should shield them from liability in this case. (*Id.* at 11-14.)

///
///
///

---

[3]*Wolff v. McDonnell*, 418 U.S. 539 (1974).

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Defendants' objection to the R&R, the Court has undertaken a de novo review of it, including the underlying briefs.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once

the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Following a de novo review of the R&R, relevant briefs, and other records in this case, the Court will reject Judge Baldwin's R&R and instead grant Plaintiff's motion for summary judgment. That said, the Court agrees with the gist of Judge Baldwin's R&R—that Defendants should have given Plaintiff copies of the envelopes introduced as evidence against him before the disciplinary hearings. However, the Court is persuaded by the argument Defendants raised in their Objection that whether Defendants' refusal to give Plaintiff copies of the envelopes violated Plaintiff's procedural due process rights is a question of law, not of fact. The Court is similarly persuaded it must engage in the qualified immunity analysis now. But the Court's agreement with Defendants ends there, because the Court finds Defendants violated Plaintiff's limited procedural due process rights in refusing to turn over copies of the envelopes—also in contravention of their own policy. Further, Defendants are not entitled to qualified immunity. The Court addresses below the parties' procedural due process arguments, Defendants' qualified immunity argument, and then discusses how this case will proceed following this order.

### A. Procedural Due Process

As Defendants point out in their Objection (ECF No. 67 at 7), "[i]f a protected liberty interest is at stake, then the court must determine whether the procedures used to deprive

6

the prisoner of that liberty violate due process." *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Plaintiff was both sent to administrative segregation following his conviction at these disciplinary hearings, and has lost parole opportunities as a result. (ECF Nos. 5 at 5, 55 at 3-4.) The Court thus finds that a protected liberty interest is at stake, and will examine the issue of Defendants' refusal to provide Plaintiff with copies of the envelopes in advance of these disciplinary hearings. In doing so, the Court departs from Judge Baldwin's approach in the R&R, which treated this question as one of fact.

Where, as here, a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff*, 418 U.S. at 563-70. "When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (citation omitted). Further, "[t]he burden of proving adequate justification for denial of a request to present witnesses or produce documentary evidence rests with the prison officials." *Jones v. Drain*, Case No. 3:05-cv-0278-PMP-RAM, 2008 WL 8209061, at *5 (D. Nev. Feb. 6, 2008), *report and recommendation adopted*, 2008 WL 8209060 (D. Nev. Mar. 7, 2008) (citation omitted).

In this case, there is no genuine dispute as to elements (1) and (3) of the limited procedural due process requirements outlined in *Wolff*. (ECF No. 67 at 7-8, 11; *see also* ECF No. 68.) Instead, the parties' arguments focus on element (2) regarding Plaintiff's opportunity to present documentary evidence. (ECF Nos. 67 at 8-11, 68 at 2-3.) Defendants argue that Plaintiff was provided an adequate opportunity to present evidence and call witnesses, because copies and photographs of the letters were admitted as evidence at the disciplinary hearings, and Plaintiff was allowed to make a statement in his

defense. (ECF No. 67 at 8-9.) Plaintiff counters that Defendants' refusal to give him copies of the letters impermissibly limited his right to present evidence on his behalf at the disciplinary hearing. (ECF No. 68 at 2-3.)

The Court agrees with Plaintiff. Defendants have not met their burden to show their denials of his requests for copies of the letters were justified. Plaintiff's conviction at these disciplinary hearings was entirely based on the letters.[4] And as Plaintiff points out in his cross motion for summary judgment, there is nothing connecting him to the letters beyond the fact that they were addressed to him. (ECF No. 61 at 2, 11.) Therefore, the envelopes were the key evidence that led to his convictions. The only logical way Plaintiff could argue against his conviction beyond the statement of his innocence he presented at his disciplinary hearings is to use some attribute of the envelopes themselves to explain to the hearing officer why he had nothing to do with the letters, and why he was not trafficking meth. But Plaintiff was not able to do so because Defendants refused to give him copies

---

[4]Defendants write, "Plaintiff was found guilty for two MJ 31 violations based upon the officer's report, the video of the drug test, the envelopes, the two grams of methamphetamine and Melnik's statement." (ECF No. 55 at 5.) But all of this evidence is merely the letters, or information about them. Specifically, the officer's reports were about the letters. (ECF Nos. 55-1, 55-2.) The drug test was performed on the meth found in the letters. The meth was found in the letters. And the letters were of course in the envelopes. Thus, the only evidence Defendants point to outside the letters is Plaintiff's statement. But that statement as summarized by Defendants does not support Plaintiff's conviction. (ECF No. 55 at 3 ("During the hearing, Melnik stated he was set up by the Aryan Warriors because he refused to partake in illegal activity.").) Plaintiff's statement at the hearings therefore support an inference that someone else sent the meth to Plaintiff in an effort to set him up; not that he was trafficking in meth. And as a matter of logic, mailing someone else meth is an effective way to set them up if that person will be convicted, as Plaintiff was here, solely because the letters containing meth were addressed to him.

Moreover, Defendants' related argument that Plaintiff's conviction at the disciplinary hearings must be upheld even if the Court finds a procedural due process violation because some evidence supported his conviction (ECF No. 67 at 10-11) is similarly unpersuasive because—as explained above—all of the evidence presented at the disciplinary hearing revolved around the letters. In sum, there is no evidence in the record beyond the letters, so the Court will not overlook the procedural due process violation that occurred here. *See Jones*, 2008 WL 8209061, at *9 ("Defendants have failed to produce other evidence in the record, besides the letter, to support Defendant Drain's determination. As such, Defendants have failed to meet their burden of showing some evidence in the record supports Defendant Drain's decision and that Defendant Drain's refusal to produce the letter was properly justified.").

8

of the letters. Thus, Plaintiff was not given a meaningful opportunity to produce documentary evidence on his behalf as required by *Wolff* and its progeny. *See, e.g.*, *Ponte v. Real*, 471 U.S. 491, 495 (1985) ("ordinarily the right to present evidence is basic to a fair hearing"). Defendants therefore violated Plaintiff's Fourteenth Amendment procedural due process rights.

The Court also agrees with Plaintiff that the facts of *Jones*, 2008 WL 8209061, are analogous to the facts of this case, and *Jones* suggests the Court should grant summary judgment to Plaintiff. (ECF Nos. 61 at 12, 68 at 3.) Under similar factual circumstances to this case, Judge McQuaid found in *Jones* that the NDOC's refusal to give the plaintiff a copy of a letter he wrote before a disciplinary hearing, where he was convicted based on an officer's summary of the letter at that disciplinary hearing, violated the plaintiff's procedural due process rights—and therefore granted summary judgment to the plaintiff on that claim.[5] *See id.* at *5-*9. The Court is conversely unconvinced by Defendants' attempt to distinguish *Jones* by pointing out that photographs of the two letters that served as the basis of these disciplinary charges were admitted into the evidentiary record during the disciplinary hearings, and Plaintiff was given the opportunity to make a statement at those hearings. (ECF No. 67 at 10.) That opportunity to make a statement was meaningless because Plaintiff was unable to review the photographs of the two letters admitted into evidence before the hearings. As Judge McQuaid wrote in *Jones*, "Defendants' circular argument ignores the fact that they arbitrarily denied Plaintiff his due process rights to marshal facts in his defense and present the letter into evidence at the

---

[5]Judge Baldwin relied on *Jones* in the R&R, but then determined that whether the NDOC's refusal to give Plaintiff copies of the envelopes violated his procedural due process rights was a question of fact for the jury. (ECF No. 66 at 9-10.) But even in *Jones*, Judge McQuaid recommended summary judgment be entered in the plaintiff's favor, not that the procedural due process claim should go to the jury. *See Jones*, 2008 WL 8209061, at *9. This further buttresses the Court's conclusion that whether Plaintiff received constitutionally-sufficient procedural due process is a question of law, not of fact. It also highlights why the Court is rejecting the R&R even though the Court basically agrees with Judge Baldwin that Defendants should have given Plaintiff copies of the envelopes prior to his disciplinary hearing.

hearing." *Jones*, 2008 WL 8209061, at *8. In sum, the Court finds that *Jones* supports Plaintiff's position here, not Defendants'.

Moreover, the Court's conclusion that Defendants' refusal to give Plaintiff copies of the letters in advance of his disciplinary hearings violated his Fourteenth Amendment procedural due process rights is further buttressed by Defendants' concession that their refusal violated NDOC's own policies. (ECF No. 55 at 6.) Indeed, the policy that Defendants refer to in their summary judgment motion says that an inmate "shall" receive copies of evidentiary documents the hearing officer considers unless non-disclosure has been approved under the "confidential information" provisions of the policy. (*Id.* (citing (ECF No. 55-3 at 11).) The word shall is generally considered to have a mandatory character. *See, e.g.*, *Collins v. Palczewski*, 841 F. Supp. 333, 336 (D. Nev. 1993). And Defendants do not argue that that the confidential information provisions apply here. (ECF Nos. 55, 67.) Thus, as Defendants concede (ECF No. 55 at 6), they should have given Plaintiff a copy of the envelopes before his disciplinary hearings per the terms of their own policy.

While it is of course possible, as Defendants argue, to violate one's own policy but still satisfy the minimum constitutional requirements of procedural due process, that argument fails here. (*Id.*) For the limited right to produce evidence provided in *Wolff* and its progeny to be meaningful—in this case where Plaintiff's conviction turned entirely on the letters—Defendants should have given Plaintiff a copy of the envelopes. Without copies of the envelopes, there was nothing he could do to resist the charges against him beyond proclaiming his own innocence. (Which he did here, to no avail.) These disciplinary hearings were unfair beyond what the Fourteenth Amendment will tolerate. *See Jones*, 2008 WL 8209061, at *4-*8; *see also Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (noting the procedural due process right recognized in *Wolff* to "present documentary evidence in [Plaintiff's] defense").

///

In sum, in denying Plaintiff's requests for copies of the envelopes here, Defendants violated Plaintiff's Fourteenth Amendment procedural due process rights.[6] The Court thus generally agrees with Judge Baldwin that Defendants should have given Plaintiff copies of the envelopes, but resolves the question as a matter of law in Plaintiff's favor, instead of labelling it a question of fact that should proceed to trial.

### B. Qualified Immunity

The Court will also address Defendants' qualified immunity argument. The Court conducts a two-step inquiry to determine whether Defendants are entitled to qualified immunity. *See, e.g.*, *Groves v. City of Reno*, Case No. 3:13-cv-00537-MMD-WGC, 2015 WL 5350099, *4 (D. Nev. Sept. 14, 2015). First, the Court decides "whether the facts shown make out a violation of a constitutional right." *Id.* If the Court finds a constitutional violation, the Court then decides "whether the constitutional right was clearly established as of the date of the alleged misconduct." *Id.* (citations omitted). "The Supreme Court has instructed that district judges may use their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue." *Id.* (citing Pearson v. Callahan, 555 U.S. 223 at 232, 236 (2009)).

Here, the Court has already determined that Defendants violated Plaintiff's constitutional rights. The Court therefore focuses on the second step. "A [g]overnment official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quotation marks and citation omitted). The Supreme Court has cautioned courts "not [to] define clearly established law at a high level of generality." *Id.* at

---

[6]While it is true that Defendants could have declined to give Plaintiff copies of the letters before his hearing if giving him those copies would have been "unduly hazardous to institutional safety or correctional goals," *Ponte*, 471 U.S. at 495, Defendants have not even hinted, let alone argued, that turning over copies of the letters would have posed such risks. (ECF Nos. 55, 67.)

11

742 (citations omitted).[7] Yet, it is "clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

The right at issue here is the limited procedural due process right to present documentary evidence before facing disciplinary action that deprives an incarcerated person of a protected liberty interest, when presenting that evidence does not undermine institutional safety, as outlined in *Wolff*, 418 U.S. at 563-70, and its progeny. The Court finds this right was clearly established at the time Defendants violated it by refusing to give Plaintiff copies of the envelopes before the disciplinary hearings.

To start, *Wolff* was decided in 1974. And *Wolff*'s holding applicable to this case has been reaffirmed many times since then. *See Jones*, 2008 WL 8209061, at *5-*6 (discussing subsequent cases that affirm this holding of *Wolff*). *Jones* also supports the view that this right was clearly established, as Judge McQuaid found a procedural due process violation based on *Wolff* in *Jones* under analogous factual circumstances back in 2008—regarding disciplinary proceedings at HDSP, the same correctional facility at issue here. *See id.* at *2 (stating the plaintiff was a prisoner at HDSP). Third, Defendants concede they were governed by a policy in effect at the pertinent time that essentially codifies this holding from *Wolff*. (ECF No. 55 at 6.) As discussed above, the policy generally provides that the inmate shall receive a copy of the evidentiary documents that will be used against him at a disciplinary hearing. (ECF No. 55-3 at 11.) And Defendants even concede they violated that policy here, so they were certainly aware of it. (ECF No. 55 at 6.) It is thus easy for the Court to find this right clearly established—in part because

---

[7]Despite this clear direction, Defendants' counsel wrote, in defining the right at issue, that he is "is not aware of any clearly established law that indicates that an inmate has an unfettered constitutional right to review copies of evidence used at a disciplinary hearing." (ECF No. 55 at 8.) That is much too high a level of generality. It is also untethered from the facts of this case, where Plaintiff appears to have been very consistent in requesting mere copies of the envelopes in line with the Fourteenth Amendment rights discussed in *Wolff* and *Jones*, and in line with NDOC policy, not some unfettered right. (ECF Nos. 5, 61, 68.)

12

Defendants concede they have a policy that provides the same right—which they concede they violated.

Because Defendants violated Plaintiff's clearly established, though limited, right to produce evidence at his disciplinary hearing, they are not entitled to qualified immunity in this case. The Court will grant Plaintiff's summary judgment motion.

**C. Next Steps**

Having determined that Plaintiff is entitled to summary judgment as to Defendants' liability, the only issue remaining for trial is damages. Neither party discusses damages in their summary judgment motions. (ECF Nos. 55, 61.) However, Plaintiff states that he seeks damages in his Complaint. (ECF No. 5 at 15.) Thus, with liability established, the parties will proceed to trial on damages only.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla Baldwin (ECF No. 66) is rejected.

It is further ordered that Defendants' motion for summary judgment (ECF No. 55) is denied.

It is further ordered that Plaintiff's cross-motion for summary judgment (ECF No. 61) is granted.

DATED THIS 7th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE