UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN MELNIK,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 3:16-cv-00670-MMD-CLB

ORDER

**I.  SUMMARY**

*Pro se* Plaintiff John Melnik, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges a single claim for violation of his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983 against correctional facility employees and officials generally arising from his repeated requests for copies of the envelopes containing methamphetamine ("meth") addressed to him forming the basis of a disciplinary conviction—which they denied. (ECF No. 5.) Before the Court is Defendants' motion to stay this case ("Motion") pending the outcome of their appeal of the Court's prior order granting Plaintiff summary judgment on his procedural due process claim (the "SJ Order") to the Ninth Circuit.[1] (ECF No. 73.) As further explained below, the Court will deny Defendants' Motion because Defendants have not demonstrated they are likely to prevail in their appeal, or that the prejudice they will suffer if this case proceeds outweighs the prejudice Plaintiff will suffer if it does not.

///

///

---

[1]As of the date of entry of this order, Plaintiff has not filed a response to Defendants' Motion, though his deadline for doing so has elapsed.

## II. BACKGROUND

The Court refers to the SJ Order in which it recited the factual background of this case. (ECF No. 69 at 2-4.) In the SJ Order, the Court rejected a Report and Recommendation from Magistrate Judge Carla Baldwin that recommended denying both Plaintiff and Defendants' motions for summary judgment. (*Id.* at 6, 13.) Instead, the Court granted Plaintiff's motion for summary judgment, and denied Defendants' motion for summary judgment. The Court found that Defendants violated Plaintiff's limited procedural due process rights, and were not entitled to qualified immunity. (*Id.* at 6-13.) The Court concluded the SJ Order by noting the case will proceed to trial on damages only. (*Id.* at 13.) The Court subsequently referred the parties to Judge Baldwin for a settlement conference. (ECF No. 70.)

Defendants then appealed the SJ Order. (ECF No. 72.) The same day, they filed the pending Motion. (ECF No. 73.) In their Motion, Defendants make the following arguments as to why the Court should stay the case:

> Defendants believe it's necessary to have the appellate court answer these questions of law before moving forward. Continuing the underlying case unnecessarily complicates the litigation, because the Court of Appeals may overturn the Court's order. Additionally, continuing with the settlement conference as ordered while an appeal is pending is judicially inefficient. At this point, the Court's decision leaves only the issue of damages in the case. *See* ECF No. 69 at pg. 13:7-8. If the Ninth Circuit overrules the Court's order, then the underlying merits of the case may still be heard by a trier of fact. Additionally, if Defendants prevail on appeal, then further hearings, meetings, or conferences will not have been based on an accurate status of the case. Therefore, the Defendants request the Court stay proceedings until the Court of Appeals makes a ruling.

(ECF No. 73 at 3.) This is the entirety of the argument portion of Defendants' Motion.

## III. DISCUSSION

The Court is unpersuaded by Defendants' arguments offered in support of its Motion. Accordingly, the Court declines to stay this case.

A district court has discretionary power to stay proceedings in its own court.[2] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (regarding a stay pending appeal). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (citation omitted). "The first two factors of the traditional standard are the most critical." *Id.* The Court nonetheless addresses each of the four factors in turn.

First, the Court disagrees with Defendants they are likely to prevail on the merits of their appeal. The Court only recently issued the SJ Order, and does not find it was wrongly decided. Moreover, Defendants do not actually argue they are likely to prevail on the merits of their appeal in their Motion; they simply note it is possible that the Ninth Circuit could overturn this Court. (ECF No. 73 at 3.) While that is of course true, it does not constitute substantive argument as to why the SJ Order was wrongly decided. Thus, this factor weighs in favor of denying Defendants' Motion.

Second, the Court is not convinced that Defendants will be irreparably injured by the Court's denial of a stay. Therefore, this factor also weighs in favor of denying Defendants' Motion. On the one hand, it is possible that the jury will find in Defendants' favor at trial, awarding only nominal damages to Plaintiff against Defendants. On the other hand, were the jury to award a large amount of damages to Plaintiff at trial, and the Ninth Circuit were to overrule the SJ Order, the Court sees no obstacle to retroactively reducing the damages Defendants are ordered to pay. Further, the mere fact of going to—and preparing for—trial does not constitute irreparable injury. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not

---

[2]Defendants do not dispute that this decision is within the Court's discretion. (ECF No. 73 at 3-4.)

constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). But most importantly, Defendants' arguments about prejudice would only be persuasive if the Court agreed they were likely to prevail on the merits of their appeal—and the Court does not.

Third, the Court finds that Plaintiff would be prejudiced by further delaying trial in this case. This case has been pending for over three years. The mandate of Federal Rule of Civil Procedure 1—and the third *Nken* factor—thus also weighs in favor of bringing this case to a resolution.

Fourth, the public interest favors the expeditious resolution of cases on their merits. *See, e.g.*, *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (stating in the context of when a court may dismiss a case for lack of prosecution that the public interest favors the expeditious resolution of litigation, and the disposition of cases on their merits). Thus, this factor also weighs in favor of denying Defendants' Motion.

In sum, the Court will deny Defendants' Motion primarily because the Court is unpersuaded Defendants will prevail at the Ninth Circuit, but also because the *Nken* factors, on balance and as explained above, do not weigh in favor of a stay. However, given Defendants' position about referral for settlement, the Court will vacate that order and set this case for trial to avoid further delay.

**IV. CONCLUSION**

The Court notes that Defendants made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to stay this case (ECF No. 73) is denied.

///

///

///

It is further ordered that the Court's order referring this case for settlement (ECF No. 70) is vacated. The proposed joint pretrial order is due 30 days from the date of this order.

DATED THIS 20th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE