UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN MELNIK,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 3:16-cv-00670-MMD-CLB

ORDER

*Pro se* Plaintiff John Melnik, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges a single claim for violation of his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983 against correctional facility employees and officials generally arising from his repeated requests for copies of the envelopes containing methamphetamine addressed to him forming the basis of a disciplinary conviction—which they denied. (ECF No. 5.) Before the Court is Defendants' motion for reconsideration ("Reconsideration Motion") of the Court's prior order (ECF No. 77) denying Defendants' motion to stay this case pending the outcome of their appeal (ECF No. 73) of the Court's prior order granting Plaintiff summary judgment on his procedural due process claim (ECF No. 69 (the "SJ Order")). (ECF No. 81.) Also before the Court are Plaintiff's motions for the Court's leave to conduct a settlement conference (ECF No. 78), and to extend his copywork limit (ECF No. 79), along with Defendants' motion to stay this case (ECF No. 84).

In their Reconsideration Motion, Defendants point to *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) for the first time. (*Compare* ECF No. 81 at 7-9 (relying on *Chuman*) *with* ECF No. 73 (lacking any reference to *Chuman*).) In *Chuman*, the Ninth Circuit stated, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous

or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman*, 960 F.2d at 105. "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Id.* While the Court maintains the SJ Order was correctly decided, the Court does not find that Defendants' appeal of their claim of qualified immunity is frivolous or has been waived. Thus, the Court lacks jurisdiction over this case pending the outcome of Defendants' appeal. *See id.*

It is therefore ordered that Defendants' motion for reconsideration (ECF No. 81) is granted.

It is further ordered this case is stayed in its entirety until the Ninth Circuit issues its mandate on Defendants' appeal.

It is further ordered that Defendants' most recent motion to stay this case (ECF No. 84) is denied as moot.

It is further ordered that Plaintiff's motion for the Court's leave to conduct a settlement conference (ECF No. 78) is denied without prejudice because the Court currently lacks jurisdiction over this case, as explained above.

It is further ordered that Plaintiff's motion to extend his prison copywork limit (ECF No. 79) is denied without prejudice for the same reason.

The Clerk of Court is directed to administratively close this case.

DATED THIS 6th day of April 2020.

---
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE